# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 9, 2017

Plaintiff-Appellee,

v

No. 331311
Wayne Circuit Court
LC No. 13-004761-01-FH

JOSE ALFREDO CORTES-AZCATL,

Defendant-Appellant.

Before: M. J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

A jury convicted defendant, Jose Cortes-Azcatl, of operating a motor vehicle while intoxicated causing death, MCL 257.625(4). The trial court originally sentenced him to 5 to 15 years' imprisonment, and Cortes-Azcatl appealed. In April 2015, we affirmed his conviction, but vacated his sentence because of a scoring error and remanded for resentencing. *People v Cortes-Azcatl*, unpublished opinion per curiam of the Court of Appeals, issued April 21, 2015 (Docket No. 319725). On July 24, 2015, the trial court resentenced Cortes-Azcatl to a prison term of 49 months to 15 years. Cortes-Azcatl appeals as of right. We remand for further inquiry of defendant's sentence consistent with *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).

Cortes-Azcatl argues that he is entitled to a *Crosby*[1] remand because the trial court's use of judicial fact-finding to mandatorily increase his sentencing guidelines range violated his rights under the Sixth Amendment. Whether a defendant's sentence violates the Sixth Amendment is a question of law that we review de novo. *Lockridge*, 498 Mich at 373. Because Cortes-Azcatl objected to the use of judicial fact-finding, the issue is preserved for appeal. A preserved *Lockridge* error must be reviewed to determine if it qualifies as harmless beyond a reasonable doubt. *People v Stokes*, 312 Mich App 181, 198; 877 NW2d 752 (2015).

In *Lockridge* our Supreme Court held that Michigan's sentencing guidelines are constitutionally deficient to the extent that they "*require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily*

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

-1-

increase the floor of the guidelines minimum sentence range . . . ." *Id.* at 364. To remedy this deficiency, the Court held that the guidelines are advisory only. *Id.* at 365. The Court explained that in cases where the guidelines were mandatory at the time of sentencing, if the facts "admitted by a defendant or found by the jury verdict were *insufficient* to assess the minimum number of OV points necessary for the defendant's score to fall in the cell of the sentencing grid under which he or she was sentenced," then "an unconstitutional constraint [will have] actually impaired the defendant's Sixth Amendment right." *Id.* at 395. The Court further held that "in cases in which a defendant's minimum sentence was established by application of the sentencing guidelines in a manner that violated the Sixth Amendment, the case should be remanded to the trial court to determine whether that court would have imposed a materially different sentence but for the constitutional error." *Id.* at 397.

Here, the trial court necessarily engaged in judicial fact-finding when scoring OV 5 (psychological injury to member of a victim's family), OV 9 (number of victims), OV 16 (property obtained, damaged, lost, or destroyed), and OV 17 (degree of negligence exhibited) because the facts necessary to score them are not encompassed by the jury's verdict or any admissions by Cortes-Azcatl. Further, the scores for these OVs affect Cortes-Azcatl's minimum guidelines range. As scored, his guidelines range was 29 to 57 months; however, without judicial fact-finding, his guidelines range would have been 19 to 38 months.[2] Accordingly, because Cortes-Azcatl's minimum sentence range was actually constrained by a Sixth Amendment violation, and he was not subject to an upward departure, he is entitled to a *Crosby* remand. *Lockridge*, 498 Mich at 395.

On remand, the trial court must determine whether it would have imposed a materially different sentence but for the unconstitutional constraint on its discretion because of the mandatory application of the guidelines at the time of Cortes-Azcatl's resentencing. *Lockridge*, 498 Mich at 397. The trial court shall follow the procedure described in *Lockridge*. Cortes-Azcatl must be given the option of promptly notifying the trial judge that resentencing will not be sought. If notification is not received in a timely manner, the trial court shall continue with the proceeding. If the trial court determines that it would have imposed the same sentences absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence defendant. *Id.* at 399.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro

---

[2] The scores for OVs 5, 9, 16, and 17 increased Cortes-Azcatl's total OV score from 65 points to 105 points, which in turn changed his placement from OV Level V to OV Level VI.